IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM BRISCOE,** : | |
| **Plaintiff,** : | |
| : | Civil Action |
| v. : | No. 2:23-cv-01522 |
| : | |
| **CITY OF PHILADELPHIA,** *et al.* : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF PHILADELPHIA, JOHN MCLAUGHLIN, AND CHARLES MICEWSKI'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants the City of Philadelphia (the "City"), John McLaughlin, and Charles Micewski (collectively "Answering Defendants"), by and through the undersigned counsel, hereby file this Memorandum of Law in Support of their Partial Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and This Honorable Court's Policies and Procedures.

**I.     INTRODUCTION**

Plaintiff William Briscoe ("Plaintiff") has filed and served a complaint in which most of the claims are in direct contravention of the well-established pleading requirements in this judicial district.  First, it is unclear from the pleadings whether Plaintiff's claims at Counts IV-VII and X are timely.  Second, Plaintiff has disregarded applicable authority and attempts to assert claims for municipal liability and conspiracy through threadbare, conclusory allegations that merely parrot the legal standards without pleading any actual facts.  Third, Plaintiff's theories premised on violations of the Pennsylvania Constitution fail as there is no private cause of action. Finally, Plaintiff's theories premised on failure to intervene fail as such an obligation was not clearly established at the time of his 1993 arrest. As is discussed more fully herein, Counts IV-V and X-

XII of Plaintiff's Complaint must be dismissed.

## II.     BACKGROUND

Plaintiff alleges that on or about July 12, 1993, Defendant McLaughlin arrested him on the 200 block of W. Stella Street, Philadelphia, PA, accusing him of selling two (2) packets of cocaine to an undercover officer and possessing Sixty (60) packets of cocaine, totaling 24.8 grams. (*See* Complaint ("Compl.") (Doc. No. 1, Ex. A) ¶¶ 12, 34.) At the time of the arrest, Defendant McLaughlin was a law enforcement officer in the Philadelphia Police Department, assigned to the Bureau of Narcotics Investigations Task Force Unit established by the Office of the Pennsylvania Attorney General. Defendants Thomas Hollman, an officer with the Philadelphia Police Department, and Edward Eggles, an officer with the Office of the Pennsylvania Attorney General, are alleged to have also been present at the scene and witnessed Plaintiff's arrest. (*Id*. at ¶¶ 13-17.) Defendant Charles Micewski is alleged to have served as Defendants McLaughlin and Hollman's commanding officer. (*Id*. at ¶ 70.) Thereafter, on December 8, 1993, a jury convicted Plaintiff of violations of the Pennsylvania Controlled Substance, Drug, Device, and Cosmetic Act. (*Id.* ¶ 50.) He was sentenced to three to six years of incarceration. (*Id.* ¶ 52.) Plaintiff was released from custody on February 3, 1998. (*Id.* ¶ 52.)

On December 14, 2021, Plaintiff filed a petition for *nunc pro tunc* relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), requesting that his December 8, 1993 conviction be invalidated. (*Id.* ¶ 55.) The Philadelphia County Court of Common Pleas granted Plaintiff's PCRA petition on June 15, 2022, vacating his conviction and awarding him a new trial. (*Id.* ¶ 57.) The Office of the Philadelphia District Attorney subsequently motioned the court to *nolle prosequi* the matter, which the court granted on October 19, 2022.

Plaintiff commenced this matter by Complaint on March 6, 2023 in the Philadelphia Court

of Common Pleas. (*Id.*) Plaintiff contends that he was arrested without probable cause and that the reports by law enforcement officers associated with his arrest contained false and fabricated information. (*Id.* at ¶¶ 25, 29, 33, 37, 41, 43-45.) The Complaint asserts the following claims: Malicious Prosecution (Count I-III), Civil Conspiracy (Count IV), Fourth Amendment Municipal Liability Under 42 U.S.C. § 1983 (Count V), Fourth Amendment Supervisor Liability Under 42 U.S.C. § 1983 (Count VI), Fourth Amendment Individual Liability Under 42 U.S.C. § 1983 (Count VII-IX), Conspiracy To Violate 42 U.S.C. § 1983 (Count X), Municipal Liability Under Pennsylvania Constitution (Count XI), Individual Liability Under Pennsylvania Constitution (Count XII). This matter was subsequently removed to this Court on April 20, 2023. (*See* Notice of Removal (Doc. No. 1).)

### III. ARGUMENT

It is axiomatic that a plaintiff cannot survive a motion to dismiss under Federal Rule of Civil Procedure (the "Rules") 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.; Womack v. Hous. Auth. of Chester Cty.*, No. CV 19-4962, 2020 WL 3433131, at *2 (E.D. Pa. June 23, 2020). Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). As discussed *infra*, many of Plaintiff's claims do not meet these basic pleading standards.

> **A. Plaintiff's Claims In Connection With His Arrest (Counts IV-VII, X) May Be Barred By The Two Statute of Limitations**

At Counts IV-VII and X, Plaintiff asserts claims pursuant to Pennsylvania law and 42

U.S.C. § 1983 for purported violations of his Fourth Amendment rights in connection with his 1993 arrest, as well as derivative conspiracy, failure to intervene, and supervisory causes of action. However, it is unclear from the pleadings whether these claims are barred by the applicable two-year statute of limitations given that Plaintiff does not clearly articulate a specific theory of liability under the common law and the Fourth Amendment.

Under federal law, a cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its actions is based." *Kach v. Hose*, 589 F.3d 626, 634 (quoting *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir.1998)). The statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). The statute of limitations for civil conspiracy is the same as the statute of limitations for the underlying tort. 42 Pa. Cons. Stat. Ann. § 5524(7); *Sarpolis v. Tereshko*, 26 F.Supp.3d 407, 419 (E.D. Pa. 2014), *aff'd*, 625 Fed.Appx. 594 (3d Cir. 2016) (observing that "the limitations period for conspiracy does not begin to run until after the commission of the last act of the conspiracy"). As is relevant here, the accrual period for these claims is two years. *See, e.g.*, *Farrow v. City of Philadelphia*, Civ. A. No. 20-5792, 2021 WL 2778554, at *2 (E.D. Pa. July 1, 2021) (explaining that section 1983 claims for "false arrest, false imprisonment and failure to intervene ... accrued when [plaintiff] was arrested" and were barred by statute of limitations when complaint filed more than two years after accrual date); *Geiger v. Conroy*, CV 22-2458, 2023 WL 2577233, at *16 (E.D. Pa. Mar. 20, 2023) (same).

Given the insufficiency of the pleadings—and the lack of specificity with respect to the theory of liability—the statute of limitations may have expired by July 1995, two years after

Plaintiff's arrest giving rise to this action. Accordingly, the Court should dismiss Count IV-VII and X and allow leave to amend so that Plaintiff can set forth allegations indicating that such claims are timely.

### B. Plaintiff Fails to State a § 1983 Claim (Count V) Against the City

At Count V, Plaintiff asserts a claim against the City under *Monell v. Department of Social Services of New York City,* 436 U.S. 658 (1978). Plaintiff alleges vaguely that the City knew or reasonably should have known that Philadelphia Police officers assigned to the Bureau of Narcotics Investigations Task Force Unit both falsified police reports and failed to intervene to disclose fellow officer's misconduct. (Compl. ¶¶ 181-188, 195.) Plaintiff goes on to contend that the City failed to train, supervise, or discipline its employees with respect to such falsification of records. (*Id. at* ¶¶ 195, 204, 212, 220, 223.) This Court should grant the Motion and dismiss Count V because it asserts insufficient facts to support a theory of municipal liability in contravention of well-established pleading standards.

As was recognized by *Monell*, there is no *respondeat superior* liability under § 1983. Rather, a municipality can only be liable under § 1983 when the municipality itself causes the complained-of violation. In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law. *See id.*

Here, Plaintiff fails to adequately allege a *Monell* claim for at least three reasons. First, the Complaint simply parrots the legal standard for *Monell* liability without pleading the necessary

facts regarding a municipal policy or custom. Second, Plaintiff fails to properly identify a municipal policymaker or allege facts that could give rise to a deliberate indifference finding against any such policymaker. Finally, Plaintiff cannot state a failure to train, supervise, or discipline claim because the Complaint fails to identify specific instances of prior misconduct caused by allegedly inadequate training and supervision.

> 1. Plaintiff's *Monell* Claim Fails Because He Pleads Insufficient Facts Regarding a Municipal Policy or Custom

The Court should dismiss Count V of the Complaint because Plaintiff asserts threadbare, conclusory allegations restating the legal standard for municipal liability under § 1983 without pleading the necessary supporting facts. In *Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014), the Third Circuit Court of Appeals affirmed the dismissal of a *Monell* claim at the same procedural juncture for a similarly deficient pleading. *See id.* at 102. The plaintiff in *Wood* set forth a series of conclusory allegations that "simply paraphrase[d]" the elements of *Monell* liability. *See id.* at 103-04. The Third Circuit held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *See id.* at 104. Indeed, as courts within this district have recognized, "'simply paraphras[ing] § 1983' does not meet Rule 8's pleading requirements." *Moore v. City of Philadelphia*, No. CV 19-4400, 2020 WL 1814115, at *4 (E.D. Pa. Apr. 9, 2020) (citing *Wood*, 568 F. App'x at 104).

In this case, Plaintiff has tried to plead a *Monell* claim by relying on the same sort of conclusory allegations that the Third Circuit rejected in *Wood*. *Compare* Compl. ¶¶ 181-225 (setting forth *Monell* allegations) *with Wood*, 568 F. App'x at 103-04 (discussing and rejecting similarly conclusory *Monell* allegations). Such vague and general allegations fail to state a claim, because averments that "amount to a mere recitation of the . . . elements required to bring forth a

*Monell* claim . . . are insufficient to survive a motion to dismiss." *See Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013). Instead, a complaint must include "specific *factual* allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).[1] Plaintiff's *Monell* averments include no such factual allegations—he neither identifies an actual existing municipal policy, custom or practice on which his *Monell* claim is based nor does he plead facts regarding how the alleged unconstitutional custom or policy was formed, when it was formed, and how that policy or custom caused Plaintiff's injuries. These conclusory, boiler plate allegations fail to satisfy the well-established *Monell* pleading requirements. Accordingly, the Court should dismiss Plaintiff's *Monell* claim at Count V.

        2.      <u>Plaintiff's *Monell* Claim Fails Because He Does Not Allege Conduct by a Municipal Policymaker</u>

Count V should also be dismissed because it does not sufficiently allege conduct by any individual actually involved in the formation of a custom or policy. A complaint cannot state a *Monell* claim unless it sets forth *factual* allegations regarding the "conduct [of] a municipal decisionmaker." *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009). Such allegations must allow a court to reasonably infer that the decisionmaker "directed" or "participated in" a policy or custom which led to a constitutional violation. *See id.*; *see also Rees v. Office of Children*

---

[1] Courts within the Third Circuit have repeatedly dismissed at the pleadings stage similarly factually deficient complaints on this ground. *See Moore*, 2020 WL 1814115, at *4 (dismissing complaint as allegations that the "City of Philadelphia knows or should know of the constitutional violations" failed to adequately plead a municipal decisionmaker's knowledge); *see also Butler*, 2013 WL 5842709, at *2 (granting motion to dismiss complaint that merely parroted the legal standard of *Monell*); *Saleem v. Sch. Dist. of Phila.*, No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) (dismissing *Monell* claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); *Niblack v. Murray*, No. 12- 6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing *Monell* claim because "[p]laintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom"); *Torres*, 2008 WL 2600314, at *5 (dismissing *Monell* claim for failure to plead specific facts).

*and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it fails to set forth factual allegations that "link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"). Moreover, a plaintiff can only state a *Monell* claim if the complaint's factual allegations are sufficient "to establish misconduct on the part of [the policymaker]" and such misconduct rises to the level of "*deliberate indifference*." *See Rees*, 473 F. App'x, at 143-44 (emphasis added).

The Complaint asserts broadly that "final policymakers" had notice that Philadelphia Police officers assigned to the Bureau of Narcotics Investigations Task Force Unit knowingly falsified police reports, acquiesced to this practice, and failed to provide "effective ethics training," supervise "to ensure police reports were not falsified," and "effectively discipline[] in response to misconduct involving the falsification of police reports." (Compl. ¶¶ 189-225.) However—beyond these generalities—the Complaint does not include a single *factual* allegation that any municipal decisionmaker directed or participated in the formation of a policy or custom that caused Plaintiff's alleged harms. (*See id.*) While the Complaint contains these cursory references to the City's purported failure to train, supervise, or discipline, it never explains how that person was directly involved in the formation of an unconstitutional policy, custom or practice. (*Id.*) The Court should therefore dismiss Count V against the City for this additional reason.[2]

### 3. Plaintiff's *Monell* Claim Fails Because Plaintiff Does Not Factually Allege Prior Instances of Misconduct

Finally, Plaintiff fails to state a claim at Count V because his Complaint does not identify prior instances of misconduct caused by allegedly inadequate training, supervision, or discipline.

---

[2] Again, courts within this district have repeatedly dismissed at the pleadings stage similarly factually deficient complaints on this ground. *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); *Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue").

Although the failure of a municipality to train its employees may support a *Monell* claim, such a theory represents the most "tenuous" sort of municipal liability under § 1983. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). To demonstrate deliberate indifference where a plaintiff claims failure to train or supervise, the plaintiff must ordinarily show a "pattern of similar constitutional violations by untrained employees." *Thomas v. Cumberland County*, 749 F.3d 217, 223 (3d Cir. 2014) (quoting *Connick*, 131 S.Ct. at 1360).

In *Williams v. Borough of Sharon Hill*, this Court dismissed a complaint against a municipality containing similarly vague and conclusory language as that used by Plaintiff here. No. 12-5395, 2013 WL 4743471 (E.D. Pa. Sept. 4, 2013). *Compare Williams*, 2013 WL 4743471, at *3-4 (discussing and rejecting *Monell* allegations) *with* Compl. at ¶¶ 189-221 (setting forth similar *Monell* allegations). With respect to the plaintiff's failure to train claim, the court in *Williams* explained that the complaint "does not plead any fact to suggest a pattern of similar constitutional violations by untrained employees." *Id.* at *4. The court found that the plaintiff's allegations simply constituted "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and thus failed to state a claim for relief. *See id.*; *see also Niblack v. Murray*, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (granting a motion to dismiss a failure to train claim when plaintiff "allege[d] no facts concerning prior instances of police using excessive force during arrest[s]").

Like the complaints in *Williams* and *Niblack*, Plaintiff pleads a failure to supervise, train, and discipline claim with conclusory language that fails to allege any specific instances of misconduct by City employees. Indeed, the only allegation regarding purported misconduct is that in 1996 a member of the Office of the Philadelphia District Attorney "represented in an Affidavit that defendant John McLaughlin provided information in the body of a search warrant application which one could characterize as being untruthful falsely accusing the occurrence of violations of

provisions of the Pennsylvania Controlled Substance, Drug, Device, and Cosmetic Act." (Compl. at ¶ 66.)  Despite the repeated references to purported "systemic patterns of law enforcement officers' misconduct of deliberately falsifying police reports," such pattern appears limited to a single incident that occurred three years *after* Plaintiff's arrest giving rise to this litigation.  And, curiously, despite alleging that such practices are were so well known that the City allegedly acquiesced to them, the Complaint is devoid of references to such information that would support his claim.  Such a pleading deficiency again necessitates the dismissal of Count V.

### B.     Plaintiff Fails to State a Conspiracy Claim (Counts IV, X)

At Counts IV and X, Plaintiff asserts claim for civil conspiracy and conspiracy under 42 U.S.C. § 1983.  Plaintiff contends that Defendants McLaughlin, Hollman, and Eggles conspired to falsely accuse Plaintiff of violating provisions of the Pennsylvania Controlled Substance, Drug, Device, and Cosmetic Act.  (Compl. ¶¶ 168-177.)  This Court should grant the Motion and dismiss Counts IV and X because they asserts insufficient facts to support a theory of conspiracy in contravention of well-established pleading standards.

Claims for conspiracy under both Pennsylvania and 42 U.S.C. § 1983 require a plaintiff to "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 295 (3d Cir. 2018). *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979).  Crucially, a plaintiff must allege an understanding or "meeting of the minds" with facts demonstrating agreement and concerted action. *See Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008).  Consequently, to "properly plead [ ] conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).  The Court does "not consider any conclusory allegations [such as] that there was 'a corrupt conspiracy,' 'an agreement,' or 'an understanding in place between the Defendants." *Id.*; *Yoast v.*

*Pottstown Borough*, 437 F. Supp. 3d 403, 421 (E.D. Pa. 2020). *See also Jackson v. Schouppe*, No. 17-CV-1135, 2018 WL 3361270, at *2 (W.D. Pa. July 10, 2018) (dismissing § 1983 conspiracy claim where plaintiff "ha[d] not alleged any facts showing communication, cooperation, or command among any Defendants from which an agreement could be inferred," and finding that plaintiff's "vague and conclusory allegations of a conspiracy fail to satisfy the pleadings requirements of *Twombly* and *Iqbal*"); *Chinniah v. E. Pennsboro Twp.*, No. 1:15-CV-02240, 2016 WL 5799048, at *12 (M.D. Pa. Aug. 10, 2016), report and recommendation adopted, No. 1:15-CV-02240, 2016 WL 5719830 (M.D. Pa. Sept. 30, 2016) ("A plaintiff must make specific factual allegations of combination or understanding among all, or any, of the defendants to plot, plan or conspire to carry out the alleged chain of events. Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose will be deemed sufficient."). The Complaint falls woefully short of stating a conspiracy claim under § 1983 or Pennsylvania law.

Like the plaintiff in *Yoast*, Plaintiff here contends that Defendants McLaughlin, Hollman, and Eggles acted in a conspiracy to falsify police reports and violate his constitutional rights, but fails to "assert facts from which an conspiratorial agreement can be inferred." *Yoast*, 437 F. Supp. 3d at 421. Plaintiff provides no substantive facts, and instead just conclusory allegations, that the Defendants McLaughlin, Hollman, and Eggles purportedly had such an agreement. However, as the Third Circuit has instructed, Plaintiff's vague allegations that all individual defendants "expressly or tacitly agreed to act and did expressly or tacitly act" cannot support his claim. Accordingly, the Court should dismiss Plaintiff's conspiracy claims at Count IV and X.

### B. Plaintiff Fails to State A Claim For Violations Of The Pennsylvania Constitution (Counts XI, XII)

At Count XI and XII, Plaintiff alleges violations of his rights under the Pennsylvania Constitution. As this claim is based upon a demand for monetary damages (*see* Compl. pp. 78, 80), it fails as a matter of law. Pennsylvania courts have consistently observed that no right to monetary relief exists for violation of the Pennsylvania Constitution as there is no private cause of action. *Jones v. City of Philadelphia*, 890 A.2d 1188 (Pa. Commw. Ct. 2006).

In *Jones*, the Pennsylvania Commonwealth Court held that the Pennsylvania Constitution does not embody a private cause of action for monetary damages. 890 A.2d at 1216 (Pa. Commw. Ct. 2006). Neither Pennsylvania statutory authority nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution. *Id*. at 1208. Moreover, Pennsylvania has no statute akin to 42 U.S.C. § 1983 that authorizes lawsuits based on violations of the Pennsylvania Constitution. Since the Commonwealth Court's holding in *Jones*, courts in Pennsylvania have repeatedly dismissed claims for monetary relief based on alleged violations of the Pennsylvania Constitution. *See, e.g., R.H.S. v. Allegheny County Dep't of Human Servs., Office of Mental Health*, 936 A.2d 1218 (Pa. Commw. Ct. 2007) (dismissing claim for monetary damages based on Pennsylvania Constitution); *see also Balletta v. Spadoni*, 47 A.3d 183, 190 (Pa. Commw. Ct. 2012) (finding no cognizable claim for state constitutional violations). Plaintiff is thus not entitled to monetary relief pursuant to the Pennsylvania Constitution. Accordingly, the Court should dismiss Plaintiff's claims under the Pennsylvania Constitution at Counts XI and XII.

### D. A Constitutional Obligation to Intervene in an Investigation Is Not Clearly Established, Entitling Defendant McLaughlin to Qualified Immunity And Precluding Any Derivative Claims On Plaintiff's Failure to Intervene Theories

At Counts V, VI, VII, and X, Plaintiff predicates his claims for constitutional liability in

part on alleged failures to intervene by Defendant McLaughlin and other law enforcement officers of the Philadelphia Police Department.  However, both the individual and derivative theories of liability fail as Defendant McLaughlin is entitled to qualified immunity given that such a right was not clearly established.

Qualified immunity shields public officials from liability unless it is "beyond debate" that the federal right they allegedly violated was "clearly established at the time of the challenged conduct." *See George v. Rehiel*, 738 F.3d 562, 572 (3d Cir. 2013).  A right only qualifies as clearly established if its "contours . . . are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  *See Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011) (citations and quotations omitted) (emphasis added).  Moreover, a right must be clearly established "in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).  District courts must give serious consideration to qualified immunity arguments made in motions to dismiss, because qualified immunity provides defendants "an entitlement not to . . . face the . . . burdens of litigation." *See Rehiel*, 738 F.3d at 571.  "Accordingly, any claim of qualified immunity must be resolved at the earliest possible stage of the litigation." *Id.*

With respect to failure to intervene, courts within this District have repeatedly recognized that a constitutional obligation to intervene was not clearly established at the time of the investigation and arrest of Plaintiff in 1993.  *See Thorpe v. City of Phila.*, No. CV 19-5094, 2020 WL 5217396, *11 (E.D. Pa. Sept. 1, 2020) (finding that "it was not sufficiently clear that reasonable officers would have understood that failing to intervene when confronted with another's fabrication and withholding of evidence" would violate the plaintiff's constitutional rights" and thus rejecting a failure to intervene theory); *Outlaw v. City of Philadelphia*, No. CV

21-1290, 2021 WL 3471168, *7 (E.D. Pa. Aug. 6, 2021) (same); *see also Ekwunife v. City of Philadelphia*, 245 F. Supp. 3d 660, 672 (E.D. Pa. 2017), aff'd, 756 F. App'x (3d Cir. 2017) 165 (3d Cir. 2018) (recognizing as of 2017 that failure to intervene claims have been brought "almost exclusively" in the context of excessive use of force). Thus, qualified immunity shields Defendant McLaughlin. Moreover, any derivative claims based on the failure to intervene of other law enforcement officers—*Monell* as to the City, conspiracy as to Defendant McLaughlin, and supervisory liability as to Defendant Micewski—likewise cannot be predicated on their theory. *See Mulholland v. Gov't Cty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) (holding that a viable constitutional injury is a prerequisite for a municipal liability claim); *Banks v. Owens*, 796 Fed. App'x 110, 113 (3d Cir. 2019) (noting that the plaintiff's "claim for conspiracy, his attempt to impose supervisory liability, and his allegations against private parties all depend on the malicious prosecution claim establishing a constitutional violation in order to be viable"). Accordingly, the Court should dismiss any allegations and theories of liability set forth in the Complaint predicated on failure to intervene.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant this Motion and dismiss Counts IV-VII and X-XII of Plaintiff's Complaint.

Date:  April 21, 2023

Respectfully submitted,

/s/ *Bailey E. Axe*
Bailey E. Axe, Esquire
Deputy City Solicitor
Pa. Attorney ID No. 309686
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5443